**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4207**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

JAVIER RAMOS,

                    Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Richard L. Voorhees, District Judge.  (5:10-cr-00037-RLV-DCK-1)

Submitted:  December 20, 2012       Decided:  December 26, 2012

Before KING and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

J. Edward Yeager, Jr., Cornelius, North Carolina, for Appellant. John George Guise, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Javier Ramos pled guilty, pursuant to a written plea agreement, to one count of possession with intent to distribute methamphetamine and was sentenced to 70 months' imprisonment. He noted a timely appeal. Ramos' counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but questioning whether the district court erred at sentencing in denying Ramos' request for a downward variance from the Sentencing Guidelines range of 70-87 months. Although informed of his right to file a pro se supplemental brief, Ramos has not done so. We affirm.

We review Ramos' sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. Id. We assess whether the district court properly calculated the advisory Guidelines range, considered the factors set forth in 18 U.S.C. § 3553(a) (2006), analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. at 49-50; see United States v. Lynn, 592 F.3d 572, 575-76 (4th Cir. 2010). If there is no procedural error, we review the substantive reasonableness of the sentence, "examin[ing] the totality of the circumstances to see whether

2

the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." United States v. Mendoza–Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). If the sentence is within the Guidelines range, we apply a presumption of reasonableness. Rita v. United States, 551 U.S. 338, 346–56 (2007) (upholding appellate presumption of reasonableness for within-Guidelines sentence). We have thoroughly reviewed the record and conclude that the sentence is both procedurally and substantively reasonable. Moreover, Ramos has failed to overcome the presumption of reasonableness we accord his within-Guidelines sentence.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Ramos' conviction and sentence. This court requires that counsel inform Ramos, in writing, of the right to petition the Supreme Court of the United States for further review. If Ramos requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Ramos.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

before this court and argument would not aid the decisional process.

AFFIRMED